UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAYLENE MONTOYA, | * | CIV 09-4156-RAL |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER DENYING DEFENDANT"S MOTION TO DISMISS |
| CITY OF FLANDREAU, KEN JAMES, JUSTIN HOOPER, and SCOTT GAALSWYK an individual, | * | |
| Defendants, | * | |

Defendants filed a Motion to Dismiss (Doc. 11) Plaintiff's Complaint under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process within the applicable statute of limitations period. Defendants did not file a brief in support of its motion, as required under DSD L.R. 7.1(B).

Plaintiff filed its Complaint (Doc. 1) on October 29, 2009, alleging civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1988, based on events that allegedly occurred on or about November 8, 2006. South Dakota's statute of limitations applies to each of these claims. See Strandlund v. Hawley, 532 F.3d 741, 746 (8th Cir. 2008) ("[t]he statute of limitations for claims brought under 42 U.S.C. § 1983 is generally the applicable state law period for personal injury torts.") (citing City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 124 n.5 (2005)); Housley v. Erwin, 325 Fed. Appx. 474, 475-76 (8th Cir. 2009) (state's general statute of limitations applies to a 42 U.S.C. § 1985 claim); Foster v. Armontrout, 729 F.2d 583, 584-85 (8th Cir. 1984) (applying state's statute of limitations to claim under 42 U.S.C. § 1988). South Dakota Codified Laws § 15-2-15.2 (2009) provides that "[a]ny action brought under the federal civil rights statutes may be commenced only within three years

after the alleged constitutional deprivation has occurred."

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The Complaint was filed on October 29, 2009. Service of process was made on all Defendants on either October 29, 2009 or October 30, 2009 (Doc. 6, 7, 8 and 9). Thus, both the filing of the Complaint and service of process occurred within the three-year statute of limitations period. Therefore, it is hereby

ORDERED that Defendants' Motion to Dismiss (Doc. 11) is denied.

Dated May 5, 2010.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE